# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-5287**

**September Term, 2022**

**1:21-cv-01184-TNM**

**Filed On:** January 6, 2023

Hasseh El Bey, Chief,

        Appellant

    v.

Kenneth Michael Mead, et al.,

        Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett, Pillard, and Pan, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing, and the motion for leave to file an appendix, it is

**ORDERED** that the motion for leave to file an appendix be granted.  The Clerk is directed to file the lodged appendix.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed on May 20, 2021, August 27, 2021, October 26, 2021, and December 8, 2021 be affirmed. Appellant has not demonstrated that the district court erred in denying his motion for recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); Rafferty v. NYNEX Corp., 60 F.3d 844, 848 (D.C. Cir.1995) (no bias shown where party failed to offer evidence to support his inferred bias from unfavorable judicial rulings and from court delays).

Additionally, the district court correctly dismissed the complaint for lack of standing because appellant failed to demonstrate that he suffered an injury-in-fact that was causally connected to appellees' conduct and was likely to be redressed by the relief he requested.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006).  Appellant has also failed to establish the right to sue on behalf of a third party.  See Powers v. Ohio, 499 U.S. 400,

411 (1991) (certain plaintiffs have standing to protect a third party's rights when plaintiff has suffered an "injury in fact," plaintiff "has a close relationship" to the third party, and there is "some hindrance to the third party's ability" to protect its own interests).

Before reaching the issue of appellant's standing, the district court dismissed the Federal Bureau of Investigation and Blake Vogt for ineffective service of process. The dismissal as to those defendants is affirmed on the alternative ground that appellant lacks standing, for the reason stated above. See Chambers v. Burwell, 824 F.3d 141, 143 (D.C. Cir. 2016) (this court "may affirm the district court on any ground supported by the record").

In addition, appellant has shown no error in the district court's decision to dismiss the complaint with prejudice. Appellant raises no argument challenging the district court's conclusion that any amendment of his complaint would be futile. Accordingly, he has forfeited any such argument. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) (arguments not raised on appeal are forfeited). Although appellant challenges the district court's alternative conclusion that the District of Columbia would not be a proper venue, the dismissal of the complaint with prejudice did not depend on that determination.

Finally, appellant has failed to demonstrate that the denial of his motion for reconsideration was an abuse of discretion. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**